IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY NELSON, JR., § | |
| § | |
| Movant, § | |
| § | No. 3:19-cv-01543-N-BT |
| v. § | No. 3:17-cr-00048-N-1 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Tommy Nelson, Jr., a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Nelson's § 2255 motion.

**Background**

On January 17, 2017, Nelson approached several employees of Shinhan Bank in Dallas, Texas, who were servicing the bank's outdoor ATM. Nelson bumped into the bank employees and grabbed the ATM cash box from one of them. A bank security officer tackled Nelson and recovered the cash box. As the two men wrestled, Nelson tried to grab the officer's gun. The gun discharged, injuring Nelson's hand.

1

Three-and-a-half months later, Nelson pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). Prior to sentencing, the Probation Office prepared a Presentence Report (PSR) which recommended the Court apply a seven-level enhancement under the United States Sentencing Guidelines (U.S.S.G.) § 2B3.1(b)(2)(A). PSR ¶ 20 (CR ECF No. 25.)[1] In support of that recommendation, the PSR noted that, during the commission of the offense, Nelson attempted to grab the bank security officer's firearm, causing the firearm to discharge. *Id.* Nelson's trial attorney objected to the proposed application of § 2B3.1(b)(2)(A) because Nelson did not induce or willfully cause the firearm to discharge. (CR ECF No. 31 at 1-3; CR ECF No. 44 at 3-4.) Ultimately, the District Court overruled the objection, adopted the PSR without change, and sentenced Nelson—with the enhancement—to 105 months' imprisonment. (CR ECF No. 39 at 1; *see also* CR ECF No. 44 at 6.)

Nelson appealed to the Fifth Circuit Court of Appeals, and his appellate attorney filed a motion for summary disposition. In the motion, counsel generally "urge[d] the reversal of the district court's judgment of conviction and sentence," but he also conceded that his challenge to the District Court's application of § 2B3.1(b)(2)(A) was foreclosed by *United States v. Roberts*, 203 F.3d 867, 870 (5th Cir. 2000). *See United States v.*

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, case number 3:17-cr-48-N-1, and "CV ECF" refers to this civil action, case number 3:19-cv-1543-N-BT.

*Nelson*, No. 17-11214 (5th Cir. Jan. 5, 2018). The Fifth Circuit granted Nelson's motion for summary disposition and affirmed the District Court's judgment. *United States v. Nelson*, 722 F. App'x 379, 380 (5th Cir. 2018) (per curiam). The Supreme Court denied Nelson's petition for writ of certiorari. *Nelson v. United States*, 139 S. Ct. 1641 (2019).

Thereafter, Nelson filed this § 2255 motion (CV ECF No. 2). Nelson argues: (1) his appellate attorney provided ineffective assistance of counsel when he conceded that *Roberts* foreclosed his challenge to the District Court's application of the seven-level firearm-discharge enhancement under U.S.S.G. § 2B3.1(b)(2)(A); (2) his trial attorney provided ineffective assistance of counsel at his sentencing when he failed to conduct an investigation and offer a mitigation report that would have provided information regarding Nelson's impulsive behavior, criminal history, and need for medication; (3) his trial attorney provided ineffective assistance of counsel by failing to challenge the indictment when he failed to realize that the crime Nelson committed did not require "force and violence" under 18 U.S.C. § 2113(a) because it was a "snatch-and-run crime of opportunity" without force, violence, or intimidation under 18 U.S.C. § 2113(b); and (4) his trial attorney provided ineffective assistance of counsel when he failed to object to the fact that that the District Court increased his guideline range based on judge-found facts rather than facts found by a jury. Mot. 7-9 (CV ECF No. 2).

3

The Government argues that Nelson's claims are waived by his voluntary and knowing guilty plea, are conclusory, and/or are meritless. Nelson filed a reply, and the motion is now fully-briefed and ripe for determination.

## Legal Standards and Analysis

To prevail on a claim of ineffective assistance of counsel, a movant must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if a movant proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the

4

prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

1. <u>Nelson fails to demonstrate that his appellate attorney provided ineffective assistance of counsel</u>.

Nelson argues that his appellate attorney provided ineffective assistance of counsel when he conceded that the Fifth Circuit's opinion in *Roberts* foreclosed his challenge to the District Court's application of the seven-level enhancement under U.S.S.G. § 2B3.1(b)(2)(A). Mot. 7 (CV ECF No. 2); *see also* Reply 3-4 (CV ECF No. 15). He further argues that the facts in his case and the facts in *Roberts* are "vastly dissimilar," which should have been "apparent" to his appellate attorney but "evidently was not." Mot. 7 (CV ECF No. 2). For example, Nelson claims that his case is "nothing like the *Roberts* case where the defendant there had the firearm in hand and then the struggle ensued when the weapon was fired." *Id.* 8. Nelson further claims that he did not have control of the gun, he "lost a digit from one of his fingers," and this could have only happened if his hand was below the holster and his finger was in front of the barrel when the gun discharged. *Id.* He argues that his case is more like *United States v. Gordon*. 64 F.3d 281 (7th Cir. 1995), a Seventh Circuit decision where a security guard pointed his gun at the defendant and the weapon discharged while the two struggled. *Id.* at 8-9. Nelson contends that, in *Gordon*, the court determined the seven-level enhancement under § 2B3.1(b)(2)(A) was inapplicable. *Id.* at 9. Nelson

5

concludes that the key fact in both *Roberts* and *Gordon* is who had the weapon when the struggle ensued. *Id.*

A defendant is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey,* 469 U.S. 387, 394 (1985). The proper standard for evaluating a claim that appellate counsel was ineffective is the two-prong standard set forth in *Strickland v. Washington. Smith v. Robbins,* 528 U.S. 259, 285 (2000); *Green v. Johnson,* 160 F.3d 1029, 1043 (5th Cir. 1998); *see also Blanton v. Quarterman,* 543 F.3d 230, 240 (5th Cir. 2008) ("In reviewing a claim alleging ineffective assistance of appellate counsel we apply the traditional *Strickland* standard."). To demonstrate prejudice in the context of an appellate counsel claim, a movant must show a reasonable probability that he would have prevailed on his appeal. *Robbins,* 528 U.S. at 285; *see also Briseno v. Cockrell,* 274 F.3d 204, 207 (5th Cir. 2001). "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green,* 160 F.3d at 1043. "Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Id.* To demonstrate prejudice, a movant must "show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Briseno v. Cockrell,* 274 F.3d 204, 207 (5th Cir. 2001). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim [ ] it is difficult to demonstrate that counsel was incompetent." *Robbins,* 528 U.S. at 288.

Nelson has not demonstrated that his appellate attorney would have succeeded if he had argued that the District Court erred by applying the enhancement under § 2B3.1(b)(2)(A). Nelson claims that his appellate attorney failed to raise the argument, but he fails to recognize that his appellate attorney raised part of the argument in his motion for summary disposition. Specifically, his appellate attorney argued that the Seventh Circuit's decision in *Gordon* applies to Nelson's challenge. In a letter to the Fifth Circuit, Nelson's appellate attorney stated:

> **2. Nelson's contentions.** Nelson appeals the district court's decision to overrule his objection to the enhancement, but understands this issue is foreclosed by one of this Court's holdings. *See, U.S. v. Roberts*, 203 F. 3d 867, 870 (5th Cir. 2000) (applied the enhancement where the deputy shot the defendant). The appeal is presented because there is a split in the circuits as to the proper application of this enhancement when the defendant never intended a gun to discharge. *See, U.S. Gordon*, 64 F.3d 281, 283 (7th Cir. 1995) (discharge of a weapon by security guard cannot support the enhancement because for the enhancement to apply the defendant must have actually intended or desired for the weapon to be discharged, and since "a criminal would have to be suicidal to intend that a guard discharge a firearm during a robbery," the enhancement cannot apply "where a non-participant in the crime discharges a firearm . . .").

*United States v. Nelson*, No. 17-11214 (5th Cir. Jan. 5, 2018) (letter brief accompanying motion for summary disposition). Nelson argues that his appellate attorney simply conceded that *Roberts*, a Fifth Circuit decision, dictated application of the enhancement. But this mischaracterizes counsel's position. Nelson's appellate attorney pointed out a split in authority among

7

the circuits on the proper application of § 2B3.1(b)(2)(A), and he identified and addressed *Gordon*, a relevant decision from the Seventh Circuit, where the court determined application of the enhancement was not appropriate.

Nelson argues that the facts of his case are "vastly dissimilar to *Roberts*," but he is mistaken. Mot. 7-8 (CV ECF No. 2). On direct appeal, the Fifth Circuit noted that *Roberts* presented "similar facts" to Nelson's case and held "a § 2B3.1(b)(2)(A) enhancement was proper where the defendant aided in trying to wrest control of a firearm away from a deputy." *Nelson,* 722 F. App'x at 380 (per curiam) (citing *Roberts,* 203 F.3d at 870). The Fifth Circuit "concluded that the defendant's actions induced the deputy to discharge the weapon." *Id.* The facts in Nelson's case are like those in *Roberts*. Nelson "started running" at the bank employees, "bumped into" them, "slammed into" the bank security officer, grabbed the cash box, and attempted to run away with it. PSR ¶¶ 8, 9. These actions were the direct cause of the ensuing physical struggle between Nelson and the bank security officer, which ultimately led to the gun discharging. PSR ¶ 10. Therefore, considering the facts presented, Nelson has failed to demonstrate that his appellate attorney's decision to concede that *Roberts* was factually similar would foreclose the relief he sought. *See Strickland,* 466 U.S. at 689 (A movant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'") (citation omitted); *see also Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) ("[A]

8

court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]") (quoting *Strickland*, 466 U.S. at 689); *see also Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003) ("A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.") (quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)).

Further, even if Nelson could somehow demonstrate that his appellate attorney provided deficient performance, he cannot show that he was prejudiced. The Fifth Circuit Court of Appeals squarely addressed and rejected Nelson's challenge to the District Court's application of § 2B3.1(b)(2)(A). The Fifth Circuit held:

> Specifically, Nelson asserts that the enhancement does not apply because he did not willfully induce the discharge of the firearm.
>
> As he concedes, Nelson's argument is foreclosed by *United States v. Roberts*, 203 F.3d 867, 870-71 (5th Ci-r. 2000), in which this court held, on similar facts, that a § 2B3.1(b)(2)(A) enhancement was proper where the defendant aided in trying to wrest control of a firearm away from a deputy. This court concluded that the defendant's actions induced the deputy to discharge the weapon. *Roberts*, 203 F.3d at 870.

Nelson, 722 F. App'x at 380.

In sum, Nelson has failed to demonstrate that his appellate attorney's concession before the Fifth Circuit was deficient performance. Likewise, he

9

has not shown that he was prejudiced by that concession. Accordingly, Nelson's claim fails under both prongs of the *Strickland* standard.

2. <u>Nelson fails to demonstrate that his trial attorney provided ineffective assistance of counsel</u>.

a. Mitigation Report

Nelson next argues that his trial attorney provided ineffective assistance of counsel at sentencing when he failed to offer a mitigation report that would have considered Nelson's criminal history, need for medication, and impulsive behavior. Mot. 7 (CV ECF No. 2); *see also* Reply 4 (CV ECF No. 15).

Nelson has failed to demonstrate that his trial attorney's failure to investigate and produce a mitigation report was not the result of a reasonable judgment call made under the circumstances. Under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021).

10

At sentencing, Nelson's trial attorney highlighted several mitigating factors in support of the District Court imposing a lesser sentence. For example, Nelson's trial attorney pointed out that Nelson had spent a significant portion of his life in custody, he struggled with mental conditions for a good portion of his life, and he was having difficulty obtaining his medication and adjusting to life outside of prison. (CR ECF No. 44 at 4–5.) In addition, the Court already knew a lot about Nelson because his PSR contained an extensive background on Nelson. *See* (CR ECF No. 25). At sentencing, the District Court adopted the factual findings contained in the PSR and ultimately imposed a middle-of-the-guidelines sentence. (CR ECF No. 39; CR ECF No. 44 at 8; *see also* CR ECF No. 25 ¶ 81) (his guideline imprisonment range was 92 months to 115 months).

Nelson cannot demonstrate prejudice. The Probation Officer performed an extensive investigation and produced a PSR for the District Court's consideration prior to sentencing on October 2, 2017. *See* (CR ECF No. 25). The PSR included Nelson's entire criminal history (PSR ¶¶ 29-40) and all his pending charges (PSR ¶¶ 45-48). The PSR also included personal and family data, such as the fact that Nelson is the product of a "tragic childhood." PSR ¶ 51; *see also id*. ¶¶ 52-53. The PSR contained an extensive section addressing Nelson's mental and emotion health over the years, including his history of substance abuse. PSR ¶¶ 61-64; *id*. ¶¶ 65-69. The PSR goes through Nelson's educational, vocational, and special skills and his

employment record. PSR ¶¶ 70-77. Finally, the PSR addresses his financial condition. PSR ¶¶ 78-79.

Considering the foregoing, Nelson has failed to demonstrate that his trial attorney's alleged failure to investigate and offer a mitigation report was deficient performance. Similarly, considering the presence of the thorough investigation by the Probation Officer and the extensive PSR before the District Court, he has not shown that he was prejudiced. Therefore, this claim fails under both prongs of the *Strickland* standard.

b. Challenge to the Indictment

Next, Nelson argues that his trial attorney provided ineffective assistance of counsel when he failed to read and challenge the indictment. Mot. 9 (CV ECF No. 2); *see also* Reply 4 (CV ECF No. 15). Specifically, Nelson claims that he was accused of violating 18 U.S.C. § 2113(a) and pleaded guilty to that crime, but "at most," he violated § 2113(b). Mot. 9 (CV ECF No. 2); *see also* Reply 1-2 (CV ECF No. 15). He further claims that his behavior amounted to "a snatch-and-run crime of opportunity that didn't require 'force and violence, or [] intimidation [,'] which is required by § 2113(a)." Mot. 9 (CV ECF No. 2).

To the extent that Nelson is arguing that the Government charged him under the wrong subsection of § 2113, his knowing and voluntary guilty plea waived any such claim. A guilty plea generally waives all nonjurisdictional defects in the proceedings. *See United States v. Bell*, 966 F.2d 914, 915 (5th

12

Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Defects in the indictment are nonjurisdictional because they "do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *see also United States v. Daughenbaugh*, 549 F.3d 1010, 1012–13 (5th Cir. 2008) (finding that "any error in the charging procedure here was nonjurisdictional and was therefore waived by [the defendant's] subsequent guilty plea"); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002) (noting the standard waiver principles apply to defects in an indictment). If Nelson believed the Government's evidence was insufficient to convict him under § 2113(a), he had the option to plead not guilty and require the Government to prove his guilt beyond a reasonable doubt. *See United States v. Broome*, 628 F.2d 403, 405 (5th Cir. 1980). However, on April 4, 2017, Nelson voluntarily gave up this option when he chose to plead guilty to violating § 2113(a).

Even if Nelson's claim was not waived, it fails on the merits. He argues that his conduct did not violate § 2113(a). Mot. 9 (CV ECF No. 2). However, in Nelson's Factual Resume, which was signed by him and his attorney, he admitted to all that is legally required for a conviction under § 2113(a). (CR ECF No. 18; *see also* CR ECF No. 43 at 12-13.) Before a district court accepts a guilty plea, it "must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3); *see also United States v. Jones*, 969 F.3d 192, 196 (5th Cir. 2020) (citing *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th

13

Cir. 2008)). To demonstrate that a defendant has committed robbery in violation of § 2113(a), the Government must prove: (1) an individual or individuals (2) used force and violence or intimidation (3) to take or attempt to take (4) from the person or presence of another (5) money, property, or anything of value (6) belonging to or in the care, custody, control, management, or possession (7) of a bank, credit union, or savings and loan association.² 18 U.S.C. § 2113(a). "The requirement of a taking 'by force and violence, or by intimidation' under section 2113(a) is disjunctive. The government must prove only 'force and violence' *or* 'intimidation' to establish its case." *United States v. Bellew*, 369 F.3d 450, 453 (5th Cir. 2004) (emphasis added) (quoting *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir.1987)).

In Nelson's Factual Resume, he admitted that "by intimidation, [he] did knowingly and intentionally take from an employee of Shinhan Bank . . . currency of the United States of America that belon[ed] to or was in the care, custody, control, management and possession of Shinhan Bank." (CR ECF No. 18 at 4.) At his rearraignment hearing before the United States magistrate judge on April 4, 2017, Nelson confirmed that the facts contained in his Factual Resume were correct, he fully read the Factual Resume, and he discussed it with his attorney before he signed it. (CR ECF No. 43 at 12-

---

² Section 2113(a) contains two paragraphs. The Court has referenced only the first paragraph, which is applicable to Nelson's offense of conviction.

14

13.) That same day, the magistrate judge issued a Report and Recommendation regarding Nelson's guilty plea. (CR ECF No. 22) In it, the magistrate judge determined that the offense charged, robbery under § 2113(a), was supported by an independent basis in fact containing each of the essential elements of the offense. *Id.* at 1. The magistrate judge recommended that Nelson's guilty plea to bank robbery under § 2113(a) be accepted. *Id.* On May 12, 2017, the District Court accepted the Magistrate Judge's recommendation. (CR ECF No. 23.) When the Factual Resume is compared to the necessary elements of a violation of § 2113(a), it demonstrates there was a sufficient factual basis to support Nelson's plea of guilty to bank robbery under § 2113(a).

Moreover, the offense conduct section of the PSR provides additional support for a conclusion that there is a sufficient factual basis for Nelson's guilty plea under § 2113(a). The PSR provides that on January 17, 2017, Nelson "ran up" to bank employees, bumped into them, and grabbed the cash box from them. PSR ¶ 8. Nelson and the bank security officer were wrestling, and Nelson tried to grab the officer's firearm. PSR ¶ 8. A bank employee reported that he was "intimidated" by Nelson's conduct, and he feared for his life. PSR ¶ 9. The security officer described Nelson's taking as "forceful[]." PSR ¶ 10. These factual statements in the PSR are consistent with Nelson's Factual Resume, which demonstrates that he used force or

intimidation to take money or property belonging to the bank from its employees and therefore committed bank robbery under § 2113(a).

For these reasons, Nelson's claim that his trial attorney provided ineffective assistance of counsel was waived by the entry of his knowing and voluntary guilty plea. Moreover, this claim fails on the merits.

c. Judge-Found Facts

Nelson argues that his trial attorney provided ineffective assistance of counsel when he failed to object to the fact that the District Court relied on judge-found facts contained in the PSR to enhance Nelson's sentence above his sentencing guideline range. Mot. 9 (CV ECF No. 2).

Supreme Court precedent forecloses Nelson's argument. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490; *see also United States v. Barahona-Paz*, 2021 WL 5968672, at *1 (5th Cir. Dec. 15, 2021) (per curiam). Consequently, this claim is foreclosed.

3. Nelson is not entitled to an evidentiary hearing.

Last, Nelson moves for an evidentiary hearing purportedly under 28 U.S.C. § 2255(f) and also seeks the appointment of counsel to assist him at the evidentiary hearing. Reply 4 (CV ECF No. 15).

16

With a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes*, 132 F.3d at 1110).

Criminal defendants and prisoners directly appealing judgments in a criminal case are entitled to counsel as a matter of right, but prisoners mounting collateral attacks on their convictions do not have a Sixth Amendment right to counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court has discretion to appoint counsel to a financially eligible individual "when 'the interests of justice so require.'" 18 U.S.C. § 3006A(a); *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. Dec. 28, 2011) (per curiam). "[T]o determine whether the interests of justice require that a habeas petitioner be appointed counsel, a court must examine the claims presented, to determine whether those claims are either significant, exceptional,

17

complex, or—at the very least—not frivolous." *United States v. Duc Minh Luu*, 2015 WL 1515187, at *2 (N.D. Tex. Apr. 1, 2015).

As discussed, each of Nelson's § 2255 claims are waived and/or lack merit. For this reason, an evidentiary hearing is not warranted. Therefore, Nelson's request for an evidentiary hearing should be denied. Likewise, because an evidentiary hearing is not needed, counsel is not necessary to assist at an evidentiary hearing. Consequently, Nelson's motion for the appointment of counsel to assist him at an evidentiary hearing should also be denied.

### III.

The Court should DENY Nelson's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed April 6, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

18

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).